UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
MARTIN JOSEPH, *et al.*,                      :    Case No. 1:21-cv-06054-WFK-JRC

                          Plaintiffs,        :    **FRONTIER'S ANSWER &**
                                          :    **AFFIRMATIVE DEFENSES**
                                          :    **TO PLAINTIFFS' COMPLAINT**
   -against-                                     :

FRONTIER AIRLINES, INC.,               :

                         Defendant.           :
------------------------------------------------------------X

### DEFENDANT FRONTIER AIRLINES, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by its attorneys, BROWN GAVALAS & FROMM LLP, and for its Answer and Affirmative Defenses to Plaintiffs' Complaint, states as follows:

1.      The allegations contained in Paragraph 1 of the Complaint are legal in nature and, accordingly, Frontier makes no response thereto. To the extent the allegations contained in Paragraph 1 can be construed to assert allegations against Frontier, they are denied.

2.      Frontier denies the allegations contained in Paragraph 2 of the Complaint.

3.      The allegations contained in Paragraph 3 of the Complaint are legal in nature and, accordingly, Frontier makes no response thereto. To the extent the allegations contained in Paragraph 3 can be construed to assert allegations against Frontier, they are denied.

4.      The allegations contained in Paragraph 4 of the Complaint are legal in nature, and, accordingly, Frontier makes no response thereto. To the extent the allegations contained in Paragraph 4 can be construed to assert allegations against Frontier, they are denied.

5.      The allegations contained in Paragraph 5 of the Complaint are legal in nature, and, accordingly, Frontier makes no response thereto. To the extent the allegations contained in Paragraph 5 can be construed to assert allegations against Frontier, they are denied.

## PARTIES

6.      Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and, therefore, denies same.

7.      Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and, therefore, denies same.

8.      Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and, therefore, denies same.

9.      Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and, therefore, denies same.

10.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and, therefore, denies same.

11.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and, therefore, denies same.

12.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and, therefore, denies same.

13.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and, therefore, denies same.

14.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and, therefore, denies same.

15. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and, therefore, denies same.

16. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and, therefore, denies same.

17. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and, therefore, denies same.

18. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and, therefore, denies same.

19. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and, therefore, denies same.

20. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and, therefore, denies same.

21. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and, therefore, denies same.

22. Frontier admits the allegations in Paragraph 22 of the Complaint.

## JURISDICTION AND VENUE

23. The allegations contained in Paragraph 23 of the Complaint are legal in nature, and, accordingly, Frontier makes no response thereto. To the extent the allegations contained in Paragraph 23 can be construed to assert allegations against Frontier, they are denied.

24. The allegations contained in Paragraph 24 of the Complaint are legal in nature, and, accordingly, Frontier makes no response thereto. To the extent the allegations contained in Paragraph 24 can be construed to assert allegations against Frontier, they are denied.

25. The allegations contained in Paragraph 25 of the Complaint are legal in nature, and, accordingly, Frontier makes no response thereto. To the extent the allegations contained in Paragraph 25 can be construed to assert allegations against Frontier, they are denied.

26. Frontier admits only that it is a foreign corporation. The remaining allegations contained in Paragraph 26 of the Complaint are legal in nature, and, accordingly, Frontier makes no response thereto. To the extent the remaining allegations contained in Paragraph 26 can be construed to assert allegations against Frontier, they are denied.

## FACTUAL BACKGROUND

27. Frontier admits the allegations contained in Paragraph 27 of the Complaint.

28. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and, therefore, denies same.

29. Frontier admits that on February 28, 2021, Plaintiffs were ticketed passengers on Frontier Flight 2878 scheduled to depart from Miami International Airport in Miami, Florida and arrive at LaGuardia Airport in Queens, New York, and that each Plaintiff boarded the subject flight. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Complaint, and, therefore, denies same.

30. Frontier denies the allegations contained in Paragraph 30 of the Complaint.

31. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and, therefore, denies same.

32. Frontier admits that children under the age of two are allowed to fly unmasked pursuant to the Federal Mask Mandate and Frontier's own policy. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the Complaint, and, therefore, denies same.

33. Frontier admits that Plaintiffs C.H., M.H., Shaindy Hoffman, Israel Hoffman, and L.H. were each assigned seats in row 31 of the subject aircraft. Frontier also admits that Joseph Godinger was assigned to row 30. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Complaint, and, therefore, denies same.

34. Frontier admits that Plaintiffs Jacob Moskowitz, Perl Moskowitz, S.M., Mindy Kaufman, and M.G. were each assigned seats in row 30 of the subject aircraft. Frontier also admits that M.Y.G. was assigned to row 31. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the Complaint, and, therefore, denies same.

35. Frontier admits that Plaintiffs Dave Friedman and Malka Friedman were each assigned seats in row 27 of the subject aircraft. Frontier also admits that Plaintiff Martin Joseph was assigned a seat in row 6 of the subject aircraft. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the Complaint, and, therefore, denies same.

36. Frontier admits that two or more Flight Attendants and/or Gate Agents repeatedly approached Shaindy Hoffman and advised her that masks were required on the Flight.

37. Frontier denies that Shaindy Hoffman and her family were complying with the Federal Mask Mandate and Frontier's policies during the entirety of the boarding process. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Complaint, and, therefore, denies same.

38. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and, therefore, denies same.

39. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and, therefore, denies same.

40. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and, therefore, denies same.

41. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and, therefore, denies same.

42. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, and, therefore, denies same.

43. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, and, therefore, denies same.

44. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and, therefore, denies same.

45. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and, therefore, denies same.

46. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint, and, therefore, denies same.

47. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, and, therefore, denies same.

48. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and, therefore, denies same.

49. Frontier denies the allegations contained in Paragraph 49 of the Complaint.

50. Frontier denies the allegations contained in Paragraph 50 of the Complaint.

51. Frontier denies the allegations contained in Paragraph 51 of the Complaint.

52. Frontier admits that Plaintiffs failed to comply with the Federal Mask Mandate, Frontier's policies, and various crew and gate agent instructions. Frontier denies the remaining allegations contained in Paragraph 52 of the Complaint.

53. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint, and, therefore, denies same.

54. Frontier denies making any defamatory allegations about Plaintiffs. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the Complaint, and, therefore, denies same.

55. Frontier admits that after Plaintiffs failed to comply with the Federal Mask Mandate, Frontier's policies, and various crew and gate agent instructions, they were denied transportation. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 55 of the Complaint, and, therefore, denies same.

## FIRST CAUSE OF ACTION
## 42 USC § 1981

56. Frontier incorporates by reference its answers to each and every allegation contained above as if fully set forth herein.

57. The allegations contained in Paragraph 57 of the Complaint are legal in nature, and, accordingly, Frontier makes no response thereto. To the extent the allegations contained in Paragraph 57 can be construed to assert allegations against Frontier, they are denied.

58. The allegations contained in Paragraph 58 of the Complaint are legal in nature, and, accordingly, Frontier makes no response thereto. To the extent the allegations contained in Paragraph 58 can be construed to assert allegations against Frontier, it admits only those duties

imposed by applicable law and denies the remaining allegations contained in Paragraph 58 of the Complaint.

59. Frontier denies the allegations contained in Paragraph 59 of the Complaint.

60. Frontier denies the allegations contained in Paragraph 60 of the Complaint.

61. Frontier denies the allegations contained in Paragraph 61 of the Complaint.

62. Frontier denies the allegations contained in Paragraph 62 of the Complaint.

63. Frontier denies the allegations contained in Paragraph 63 of the Complaint.

64. Frontier denies the allegations contained in Paragraph 64 of the Complaint.

65. Frontier denies the allegations contained in Paragraph 65 of the Complaint.

66. Frontier denies the allegations contained in Paragraph 66 of the Complaint.

67. Frontier denies the allegations contained in Paragraph 67 of the Complaint.

68. Frontier denies the allegations contained in Paragraph 68 of the Complaint.

69. The allegations contained in Paragraph 69 of the Complaint are legal in nature, and, accordingly, Frontier makes no response thereto. To the extent the allegations contained in Paragraph 69 can be construed to assert allegations against Frontier, they are denied.

70. The allegations contained in Paragraph 70 of the Complaint are legal in nature, and, accordingly, Frontier makes no response thereto. To the extent the allegations contained in Paragraph 70 can be construed to assert allegations against Frontier, they are denied.

## **GENERAL DENIAL**

Defendant, FRONTIER AIRLINES, INC., denies all allegations in Plaintiffs' Complaint which are not specifically admitted above.

## **AFFIRMATIVE DEFENSES**

In further response to Plaintiffs' Complaint, Defendant, FRONTIER AIRLINES, INC. ("Frontier"), asserts the following affirmative defenses to preserve them for trial. Frontier reserves the right to add or withdraw applicable defenses as appropriate.

1. Plaintiffs' Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted.

2. Plaintiffs may lack capacity or standing to bring this action.

3. Plaintiffs' action is filed in an improper venue.

4. Plaintiffs' action is barred, in whole or in part, by the applicable statute of limitations.

5. Plaintiffs' claims are barred, in whole or in part, by *res judicata*, collateral estoppel, laches, waiver, or unclean hands.

6. Plaintiffs' action may be governed, in whole or in part, by the laws of jurisdictions other than New York.

7. Plaintiffs' claims are preempted, in whole or in part, by federal law.

8. Plaintiffs' alleged damages, if any, are barred or limited under applicable law.

9. Plaintiffs' alleged damages, if any, may have been directly and proximately caused by an unavoidable accident or an Act of God for which Frontier is not responsible.

10. Plaintiffs' alleged damages, if any, are barred or limited under applicable law due to Plaintiffs' failure to mitigate damages.

11. Plaintiffs' alleged damages, if any, were caused in whole or in part by the assumption of risk, fault, neglect, want of care, or independent, intervening, or superseding acts or omissions or other culpable conduct of Plaintiffs themselves for which Frontier is not responsible.

12. Plaintiffs' recovery, if any, shall be barred or diminished to the extent that such injury or damage was proximately caused by negligence or other tortious misconduct on the part of Plaintiffs or third parties.

13. Frontier denies that its conduct was a cause or proximate cause of Plaintiffs' alleged damages. Further, Plaintiffs' alleged damages, if any, were caused in whole or in part, by acts or omissions, including, but not limited to, unusual negligent or willful acts or omissions by other persons or entities, named or unnamed, over whom Frontier has no control or right to control.

14. Plaintiffs' claims and recovery are barred, in whole or in part, by the applicable laws governing comparative fault, contributory negligence, and assumption of risk due to the acts or omissions of unknown third parties for which Frontier is not responsible.

15. Plaintiffs' alleged damages, if any, were caused by the acts or omissions of other persons or entities for which Frontier is not liable. In the event Frontier is found liable to Plaintiffs, which Frontier expressly denies, Frontier may be entitled to indemnification or contribution from such third parties, or apportionment of liability and fault against such third parties, pursuant to applicable law and reserve its right to seek the same.

16. Some or all of Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs may have already received full satisfaction or compensation for their alleged damages, if any, and Plaintiffs' claims may be barred by such prior release of claims or accord and satisfaction with any entity.

17. If Plaintiffs have available to them and have received benefits paid by a collateral source for their injuries and damages, if any, Frontier is entitled to a setoff of these amounts against any amount of damages awarded against it, if any, pursuant to the applicable New York statute.

18. Plaintiffs' claims are barred, in whole or in part, by contractual release, disclaimer, or limitations remedies entered into by Plaintiffs.

19. Plaintiffs' claims are barred or limited pursuant to contract.

20. Plaintiffs' claims are waived, in whole or in part, pursuant to contract.

21. Frontier has complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

22. Pursuant to applicable federal and state law, Frontier is entitled to immunity, qualified or otherwise, for the conduct alleged in Plaintiffs' Complaint.

23. Pursuant to applicable federal and state law, Frontier is entitled to a privilege, qualified or otherwise, for the conduct alleged in Plaintiffs' Complaint.

24. Plaintiffs' claims are barred pursuant to applicable federal statutes, including but not limited to 49 U.S.C. § 44902(b), 6 U.S.C. § 1104, and 49 U.S.C. § 44941.

25. Frontier is entitled to immunity from civil liability pursuant to all applicable state and federal statutes and/or laws pertaining to reporting suspected criminal conduct.

26. Plaintiffs' Complaint fails to set forth a claim for punitive damages upon which relief may be granted.

27. To the extent Plaintiffs' Complaint asserts a demand for punitive damages, Frontier specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1966); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

28. To the extent that Plaintiffs' Complaint seeks punitive damages, Frontier pleads the following in regard to punitive damages: a. An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the applicable state Constitution; b. An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the applicable state Constitution; c. The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the applicable state Constitution; d. An award of punitive damages in this civil action would amount to an excessive fine in violation of the due process provisions of the Eighth Amendment to the United States Constitution and the corresponding provisions of the applicable state Constitution; and e. Plaintiffs' claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

**PRAYER FOR RELIEF**

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), prays for the following relief from this Court:

1. A judgment that Plaintiffs shall take nothing from Frontier by way of their Complaint;

2. An award to Frontier of costs of suit and any recoverable attorneys' fees; and

3. Such other and further relief as this Court deems proper.

## **DEMAND FOR JURY TRIAL**

Defendant, FRONTIER AIRLINES, INC., hereby demands a trial by jury.

Dated: January 10, 2022                                    Respectfully submitted,

/s/ *Frank J. Rubino, Jr.*
Frank J. Rubino, Jr. (FR-6202)
Brown Gavalas & Fromm LLP
60 E. 42 Street, Suite 4600
New York, NY 10165
Telephone: (212) 983-8500
fjr@browngavalas.com

Brian T. Maye (*Pro Hac Vice* Mtn Forthcoming)
Kristin A. Hoffman (*Pro Hac Vice* Mtn Forthcoming)
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
bmaye@amm-law.com
khoffman@amm-law.com

Attorneys for Frontier Airlines, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on January 10, 2022, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Eastern District of New York, by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ *Frank J. Rubino, Jr.*