# BROWN GAVALAS & FROMM LLP

60 E. 42ND STREET
SUITE 4600
NEW YORK, NEW YORK 10165
TEL: (212) 983-8500
FAX: (212) 983-5946
www.browngavalas.com
bgmail@browngavalas.com

NEW JERSEY OFFICE
————
1118 CLIFTON AVENUE
CLIFTON, NJ 07013
TEL: (973) 779-1116
FAX: (973) 779-0739

HARRY A. GAVALAS
(1978-1999)
ROBERT J. SEMINARA
(1987-1999)

January 10, 2022

## VIA CM/ECF SYSTEM

The Honorable Judge William F. Kuntz, II
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Case:          *Martin Joseph, et al. v. Frontier Airlines, Inc.*
Re :           Pre-Motion Conference Notification Letter
Case No.:    1:21-cv-06054-WFK-JRC

Dear Judge Kuntz:

On behalf of Defendant, Frontier Airlines, Inc. ("Frontier"), in the captioned action, and in accordance with Section III(B) of the Court's Individual Motion Practices and Rules, please allow this letter to serve as Frontier's request for a Pre-Motion Conference and permission to file its anticipated Partial Motion to Dismiss pursuant to FRCP 12(b)(6) and 12(f)(2) ("Motion"). Frontier anticipates respectfully requesting this Court dismiss or strike portions of Plaintiffs' prayer for relief seeking a declaratory judgment, permanent injunction, and cease and desist order because these fail as a matter of law. We provide a brief summary herein of the bases for Frontier's Motion.[1]

On February 28, 2021, Plaintiffs boarded Frontier Flight 2878, a scheduled flight from Miami International Airport to LaGuardia International Airport. After Plaintiffs refused to comply with the federal mask mandate and threatened the safety of the flight in various aspects, they were denied transportation. Plaintiffs allege that such denial of transportation was a violation of 42 USC § 1981. Plaintiffs seek a declaratory judgment, a permanent injunction, compensatory damages, punitive damages, a cease-and-desist order, prejudgment interest, and attorneys' fees and costs. Plaintiffs' demands for equitable relief fail as a matter of law because they improperly seek prospective relief for alleged past injuries. Further, Plaintiffs fail to plead any facts supporting their demands for equitable relief.

---

[1] Frontier has contemporaneously filed an answer addressing Plaintiffs' allegations not addressed by its Motion.

**BROWN GAVALAS & FROMM LLP**

The Honorable Judge William F. Kuntz, II
United States District Court for the
Eastern District of New York
January 10, 2022
Page 2

Plaintiffs claim they were "immediately visually recognizable as Jewish on account of their mode of dress." (Doc. No. 1, ¶ 21). They claim that with the exception of two minor plaintiffs, "each Plaintiff was wearing a proper facemask as required by TSA Security Directive SD 1544-21-02 and [Frontier's] own rules and regulations." (Doc. No. 1, ¶ 30). Plaintiffs claim that C.H., M.H., S. Hoffman, I. Hoffman, L.H. and J. Godinger were seated in row 31 (Doc. No. 1, ¶ 33); and J. Moskowitz, P. Moskowitz, S.M., M. Godinger, M.Y.G., and M.G. were seated in row 30 (collectively, the "Rear Passengers"). (Doc. No. 1, ¶ 34). During the boarding process, flight attendants repeatedly approached S. Hoffman advising her that masks were required. (Doc. No. 1, ¶ 36). According to Plaintiffs, all Rear Passengers had to deplane due to S. Hoffman's mask compliance issues. (Doc. No. 1, ¶ 42).

M. Joseph ("Joseph") "attempted to intercede on behalf of the Rear Passengers by speaking with the flight attendants." (Doc. No. 1, ¶ 46). D. Friedman and M. Friedman "similarly attempted to intercede with the flight attendants on behalf of the Rear Passengers." (Doc. No. 1, ¶ 47). Subsequently, Joseph was advised that he was required to deplane (Doc. No. 1, ¶ 48). Thereafter, Plaintiffs claim they were "forc[ibly] ejected from the Flight" (Doc. No. 1, ¶ 50) based on their "perceived race, color, ethnicity, and/or alienage." (Doc. No. 1, ¶ 59).

Plaintiffs' prayer for relief, in relevant part, demands:

(i)     Entering a declaratory judgment that the actions of Defendant described above constituted discrimination on the basis of race, color, ethnicity, alienage, ancestry, and/or national origin in violation of 42 U.S.C. § 1981;

(ii)    Entering a permanent injunction directing Defendant and its directors, officers, agents, and employees to take all affirmative steps necessary to remedy the effects of the illegal and discriminatory conduct described herein and to prevent similar occurrences in the future;

(v)     Ordering Defendant to cease and desist from all future discrimination or retaliation against Plaintiffs.

(Doc. No. 1, p. 10).

Where, as here, a plaintiff seeks declaratory relief for past conduct and does not allege a "'certainly impending future injury,'" the plaintiff does not have standing to seek prospective declaratory relief. *A.W. v. N.Y. Dep't of Educ.*, 519 F. Supp. 3d 128, 143 (E.D.N.Y. 2021); *see also James v. Am. Airlines, Inc.*, 247 F. Supp. 3d 297, 305 (E.D.N.Y. 2017) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). To show standing, "a plaintiff must establish three things, one of which is 'injury in fact – an invasion of a legally protected interest which is . . . concrete and

**BROWN GAVALAS & FROMM LLP**

The Honorable Judge William F. Kuntz, II
United States District Court for the
Eastern District of New York
January 10, 2022
Page 3

particularized and . . . actual and imminent, not 'conjectural or 'hypothetical.'" *A.W.*, 519 F. Supp. at 143 (internal citations omitted). "'To obtain prospective relief, such as a declaratory judgment or an injunction, a plaintiff must show, inter alia, 'a sufficient likelihood that he [or she] will again be wronged in a similar way.'" *Id.* It is imperative that Plaintiffs "demonstrate a certainly impending future injury," which they have failed to do here. *See id.*

Plaintiffs seek compensatory damages, while, at the same time, demanding vague equitable remedies for conduct that allegedly occurred in the past. (*See generally* Doc. No. 1.) Not only are Plaintiffs' demands improper on their face because there is an adequate remedy at law, *i.e.*, the Section 1981 claim pleaded, but there is a complete absence of facts related to their equitable relief demands. Indeed, while Plaintiffs vaguely claim that Frontier must "cease and desist from all future discrimination or retaliation against Plaintiffs," they fail to allege any facts establishing the existence of an "impending future injury." (Doc. No. 1, p. 10). Similarly, their demand for a permanent injunction seeks a declaration, in so many words, that alleged past conduct violates Plaintiffs' rights. However, Plaintiffs have failed to allege facts showing there is a substantial controversy among the parties warranting the Court's intervention.

At most, Plaintiffs have alleged that they sustained past injuries caused by a unique set of circumstances on February 28, 2021. Accordingly, because Plaintiffs seek, in part, prospective declaratory and similar relief for alleged past conduct without sufficient factual allegations for a real and immediate threat of future injury, these demands should be dismissed or stricken.

Accordingly, Frontier respectfully requests that the Court set a Pre-Motion Conference and grant Frontier permission to file its Partial Motion to Dismiss pursuant to FRCP 12(b)(6) and 12(f)(2).

Very truly yours,

BROWN GAVALAS & FROMM LLP

/s/ *Frank J. Rubino, Jr.*

Frank J. Rubino, Jr. (FR-6202)

cc:   Plaintiffs' Counsel via CM/ECF System