UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
MARTIN JOSEPH, *et al.*,                      :   Case No. 1:21-cv-06054-WFK-JRC
                                              :
              Plaintiffs,          :   **FRONTIER'S MEMORANDUM**
                                              :   **IN SUPPORT OF PARTIAL**
                                              :   **MOTION TO DISMISS**
  -against-                                 :
                                              :
FRONTIER AIRLINES, INC.,                      :
                                              :
              Defendant.           :
----------------------------------------------------------------X

**DEFENDANT FRONTIER AIRLINES, INC.'S MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

Defendant, FRONTIER AIRLINES, INC. ("Frontier" or "Defendant"), by its attorneys, BROWN GAVALAS & FROMM LLP, and pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f)(2), respectfully requests that this Court dismiss or strike portions of Plaintiffs' prayer for relief seeking a declaratory judgment, permanent injunction, and cease and desist order. In support of its Partial Motion to Dismiss, Frontier states as follows:

                                                  **I.     INTRODUCTION**

On February 28, 2021, Plaintiffs boarded Frontier Flight 2878, a scheduled flight from Miami International Airport to LaGuardia International Airport. After Plaintiffs refused to comply with the federal mask mandate and threatened the safety of the flight in various respects, they were denied transportation. Plaintiffs allege that such denial of transportation was a violation of 42 U.S.C. § 1981. Plaintiffs seek a declaratory judgment, a permanent injunction, compensatory damages, punitive damages, a cease-and-desist order, prejudgment interest, and attorneys' fees and costs.

Plaintiffs' demands seeking a declaratory judgment, permanent injunction, and cease and desist order fail as a matter of law because they improperly seek prospective relief for alleged past injuries without establishing the existence of an "impending future injury." Further, Plaintiffs fail to plead any facts supporting their demand for equitable relief. The equitable relief demands, therefore, should be dismissed or stricken.

## II.  STATEMENT OF FACTS

On February 28, 2021, Plaintiffs were ticketed passengers on a Frontier flight from Miami, Florida (MIA) to Queens, New York (LGA). (Doc. No. 1, ¶ 27). Plaintiffs claim they were "immediately visually recognizable as Jewish on account of their mode of dress." (Doc. No. 1, ¶ 21). They claim that with the exception of Plaintiff L.H. and S.M.,[1] "each Plaintiff was wearing a proper facemask as required by TSA Security Directive SD 1544-21-02 and [Frontier's] own rules and regulations." (Doc. No. 1, ¶ 30).

Plaintiffs claim that C.H., M.H., Shaindy Hoffman, Israel Hoffman, L.H. and Joseph Godinger were seated in row 31 (Doc. No. 1, ¶ 33), and Jacob Moskowitz, Perl Moskowitz, S.M., Miriam Godinger, M.Y.G., and M.G. were seated in row 30 (collectively, the "Rear Passengers"). (Doc. No. 1, ¶ 34). During the boarding process, flight attendants repeatedly approached Shaindy Hoffman advising her that masks were required. (Doc. No. 1, ¶ 36). According to Plaintiffs, all Rear Passengers had to deplane due to Shaindy Hoffman's mask compliance issues. (Doc. No. 1, ¶ 42).

Martin Joseph ("Joseph") "attempted to intercede on behalf of the Rear Passengers by speaking with the flight attendants." (Doc. No. 1, ¶ 46). Dave Friedman and Malka Friedman ("the Friedmans") "similarly attempted to intercede with the flight attendants on behalf of the Rear

---

[1] According to Plaintiffs, L.H. and S.M. were exempt from the Federal Mask Mandate and Frontier's rules and regulations as children under the age of two. (Doc. No. 1, ¶ 31).

2

Passengers." (Doc. No. 1, ¶ 47).  Subsequently, Joseph was advised that he was required to deplane. (Doc. No. 1, ¶ 48).  Thereafter, Plaintiffs claim they were "forc[ibly] ejected from the Flight" (Doc. No. 1, ¶ 50) based on their "perceived race, color, ethnicity, and/or alienage." (Doc. No. 1, ¶ 59).

Plaintiffs' prayer for relief, in relevant part, demands:

(i) Entering a declaratory judgment that the actions of Defendant described above constituted discrimination on the basis of race, color, ethnicity, alienage, ancestry, and/or national origin in violation of 42 U.S.C. § 1981;

(ii) Entering a permanent injunction directing Defendant and its directors, officers, agents, and employees to take all affirmative steps necessary to remedy the effects of the illegal and discriminatory conduct described herein and to prevent similar occurrences in the future;

. . .

(v) Ordering Defendant to cease and desist from all future discrimination or retaliation against Plaintiffs.

(Doc. No. 1, p. 10).

### III.  LEGAL STANDARD

A court may dismiss portions of a complaint under Rule 12(b)(6) when it does not contain sufficient facts to state a plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563, 570 (2007) (citing FED. R. CIV. P. 12(b)(6)). Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 550 U.S. at 555 (internal citations omitted). A plaintiff is prohibited from relying on speculation and conclusory allegations alone. FED. R. CIV. P. 8; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

"To show standing for prospective relief, a plaintiff must plead and prove a 'real and immediate threat of repeated injury.'" *James v. Am. Airlines, Inc.*, 247 F. Supp. 3d 297, 305

3

(E.D.N.Y. 2017) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). "'That is, a plaintiff must demonstrate a certainly impending future injury.'" *H.B. v. Byram Hills Cent. Sch. Dist.*, 648 Fed. Appx. 122, 125 (2d Cir. 2016) (citing *Marcavage v. City of New York*, 689 F.3d 98, 103 (2d. Cir. 2012)). A court may issue an injunction if the plaintiff can show "'irreparable harm should the injunction not be granted,'" and "'the absence of an adequate remedy at law.'" *Flanagan v. Odessy Constr. Corp.*, No. CV 17-1040 (DRH) (AKT), 2018 U.S. Dist. LEXIS 22857, at *34 (E.D.N.Y. Feb. 9, 2018) (internal citations omitted).

## IV.  ARGUMENT

The question in each case involving declaratory relief "'is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, *of sufficient immediacy and reality* to warrant the issuance of a declaratory judgment.'" *Golden v. Zwickler*, 394 U.S. 103, 110 (1969) (emphasis added) (citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

"'The power of courts . . . to pass upon the constitutionality of acts of Congress arises only when the interests of litigants require the use of this judicial authority for their protection *against actual interference.*'" *Golden*, 394 U.S. at 110 (internal citation omitted and emphasis added). "*A hypothetical threat is not enough.*" *Id.* "In establishing a certainly impending future injury, a plaintiff cannot rely solely on past injuries; rather, the plaintiff must establish how he or she will be injured prospectively and that the injury would be prevented by the equitable relief sought." *Marcavage*, 689 F.3d at 103 (citations omitted).

Where, as here, a plaintiff seeks declaratory relief for past conduct and does not allege a "'certainly impending future injury,'" the plaintiff does not have standing to seek prospective declaratory relief. *A.W. v. N.Y. Dep't of Educ.*, 519 F. Supp. 3d 128, 143 (E.D.N.Y. 2021) (internal

4

citations omitted). To show standing, "a plaintiff must establish three things, one of which is 'injury in fact – an invasion of a legally protected interest which is . . . concrete and particularized and . . . actual or imminent, not 'conjectural' or 'hypothetical.'" *Id.* (internal citations omitted). "'To obtain prospective relief, such as a declaratory judgment or an injunction, a plaintiff must show, *inter alia*, 'a sufficient likelihood that he [or she] will again be wronged in a similar way.'" *Id.* It is imperative that plaintiffs "demonstrate a certainly impending future injury." *Id.*

Here, Plaintiffs seek compensatory damages (Doc. No. 1, p. 10), while, at the same time, demanding vague equitable remedies, including requests for a declaratory judgment, permanent injunction, and cease and desist order for conduct that allegedly occurred in the past. (*See generally* Doc. No. 1.)  Not only are Plaintiffs' demands improper on their face because there is an adequate remedy at law, *i.e.*, the Section 1981 claim, but there is a complete absence of facts related to their equitable relief demands.  Indeed, while Plaintiffs vaguely claim that Frontier must "cease and desist from all future discrimination or retaliation against Plaintiffs" (Doc. No. 1, p. 10), they fail to allege any facts establishing the existence of an impending future injury. (*See id.*).  Similarly, their demand for a permanent injunction seeks a declaration, in so many words, that alleged past conduct violates Plaintiffs' rights. (*See generally id.*). However, Plaintiffs have failed to allege facts showing that there is a substantial controversy among the parties warranting court intervention. (*See id.*). At most, Plaintiffs have alleged that they sustained past injuries caused by a unique set of circumstances on February 28, 2021. (*See id.*).

Accordingly, because Plaintiffs seek prospective declaratory and similar relief for alleged past conduct without sufficient factual allegations for a real and immediate threat of future injury, these demands should be dismissed or stricken.

5

## V. CONCLUSION

WHEREFORE, Defendant, FRONTIER AIRLINES, INC., prays that this Honorable Court enter an order dismissing or striking portions of Plaintiffs' prayer for relief seeking a declaratory judgment, permanent injunction, and cease and desist order pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f)(2), and for such further relief as this Court deems just and reasonable.

Dated: February 9, 2022                             Respectfully submitted,

/s/ *Frank J. Rubino, Jr.*

Frank J. Rubino, Jr. (FR-6202)
Brown Gavalas & Fromm LLP
60 E. 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 983-8500
fjr@browngavalas.com

Brian T. Maye (*Pro Hac Vice* Mtn Forthcoming)
Kristin A. Hoffman (*Pro Hac Vice* Mtn Forthcoming)
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
bmaye@amm-law.com
khoffman@amm-law.com

Attorneys for Frontier Airlines, Inc.

TO:   Dov Medinets, Esq.
      Gutman Weiss, P.C.
      Attorneys for Plaintiff
      2276 Sixty-Fifth Street, 2nd Floor
      Brooklyn, New York 11204
      dm@gwpclaw.com