UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
MARTIN JOSEPH, *et al.*,                     :     Case No. 1:21-cv-06054-WFK-JRC
                                             :
           Plaintiffs,                 :     **FRONTIER'S REPLY**
                                             :     **IN SUPPORT OF ITS**
                                             :     **PARTIAL MOTION**
                                             :     **TO DISMISS**
                                             :
  -against-                                 :
                                             :
FRONTIER AIRLINES, INC.,                     :
                                             :
           Defendant.                  :
-------------------------------------------------------------X

**DEFENDANT FRONTIER AIRLINES, INC.'S REPLY MEMORANDUM IN FURTHER
SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

    Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by its attorneys, BROWN GAVALAS & FROMM LLP and ADLER MURPHY & McQUILLEN LLP, and pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f)(2), respectfully submits this Reply Memorandum in Further Support of its Partial Motion to Dismiss.

### I.    ARGUMENT

    In their Complaint, Plaintiffs seek compensatory damages under 42 USC § 1981 for an alleged improper removal from a Frontier flight and lifetime bans from flying with Frontier. These allegations alone establish that Plaintiffs have an adequate remedy at law justifying a dismissal of their equitable relief claims. In addition, Plaintiffs' response brief highlights their flawed theory that equitable relief is available without having to allege a real and immediate threat of future injury. Plaintiffs simply stand on the allegation that three of them have been issued lifetime bans from flying with Frontier (*see* Doc. No. 1, ¶ 55). However, the alleged "lifetime bans" describe

past conduct, not "actual or imminent harm" caused by Frontier's conduct. *A.W. v. N.Y. Dep't of Educ.*, 519 F. Supp. 3d 128, 143 (E.D.N.Y. 2021).

Indeed, there is no continuing contractual relationship alleged among the parties. (*See generally* Doc. No. 1), and any future relationship would be a voluntary decision made by Plaintiffs. If Plaintiffs wish to avoid future encounters with Frontier, they can choose to do so by booking flights on other airlines or not flying at all. Relatedly, there are no factual allegations that Plaintiffs rely on commercial flights for their livelihood or health, and that if they did not have access to commercial flights, they would suffer immediate and actual harm. Even if Plaintiffs were reliant on commercial flights for their livelihood or health, however, they could choose to fly with an airline other than Frontier. In short, Plaintiffs have not alleged any facts establishing a real and impending harm. At most, Plaintiffs have alleged that they sustained past injuries caused by a *unique* set of circumstances for a single transaction on February 28, 2021. (*See id.*).

Additionally, Plaintiffs fail to address Frontier's argument that the prayer for relief essentially seeks a court declaration that alleged past conduct by Frontier violates Plaintiffs' future rights. In their Opposition, Plaintiffs claim to allege that Frontier continues to engage in discriminatory conduct on the basis of race, including Plaintiffs' "ability to purchase tickets . . . in the future" (*see id.* at ¶ 66), but this argument is "little more than speculation and conjecture and does not establish a likelihood that the past harm [or alleged discrimination] will occur again." *See Anacacy v. Panera*, No. 19-cv-7126 (ENV) (RLM), 2021 U.S. Dist. LEXIS 114525, at *14 (E.D.N.Y. May 30, 2021). In their Complaint, Plaintiffs fail to allege any facts establishing the existence of an impending future injury on the basis of any discriminatory practice or pattern. (*See generally* Doc. No. 1).

Finally, Plaintiffs seek a cease and desist order from "all future discrimination or retaliation," without relying on any facts showing there is a substantial controversy among the parties, any real impending future injury, or any likelihood that Plaintiffs could be wronged in a manner consistent with the alleged unique circumstances on February 28, 2021. (*See generally id.*). As such, Plaintiffs' prayer for relief seeking a declaratory judgment, permanent injunction, and cease and desist order should be dismissed or stricken.

## II.     CONCLUSION

WHEREFORE, Defendant, FRONTIER AIRLINES, INC., respectfully requests that this Honorable Court dismiss or strike portions of Plaintiffs' prayer for relief seeking a declaratory judgment, permanent injunction, and cease and desist order pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f)(2), and for such further relief as this Court deems just and reasonable.

Dated: March 30, 2022                                Respectfully submitted,

/s/ Kristin A. Hoffman

Brian T. Maye (*Pro Hac Vice Application Pending*)
Kristin A. Hoffman (Admitted *Pro Hac Vice*)
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
bmaye@amm-law.com
khoffman@amm-law.com

Frank J. Rubino, Jr.
Brown Gavalas & Fromm LLP
555 Fifth Avenue
New York, NY 10017
Telephone: (212) 983-8500
fjr@browngavalas.com

Attorneys for Frontier Airlines, Inc.

To:    Dov Medinets, Esq.
Gutman Weiss, P.C.
Attorneys for Plaintiffs
2276 Sixty-Fifth Street, 2nd Floor
Brooklyn, New York 11204
dm@gwpclaw.com