UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MARTIN JOSEPH, ISRAEL HOFFMAN, SHAINDY HOFFMAN, M.H., by his next friend and parent Israel Hoffman, C.H., by her next friend and parent Israel Hoffman, L.H., by his next friend and parent Israel Hoffman, JACOB MOSKOWITZ, PERL MOSKOWITZ, S.M., by his next friend and parent Jacob Moskowitz, JOSEPH LEIB GODINGER, MINDY GODINGER, M.Y.G, by his next friend and parent Joseph Leib Godinger, M.G. by her next friend and parent Joseph Leib Godinger, DAVE FRIEDMAN, and MALKA FRIEDMAN, | : | Case No. 1:21-cv-06054-WFK-JRC |
| Plaintiff(s), | : | |
| -against- | : | |
| FRONTIER AIRLINES, INC, | : | |
| Defendant(s). | : | |

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS**

Plaintiffs, by their attorneys, Gutman Weiss, P.C., submit this Memorandum of Law in opposition to Defendant FRONTIER AIRLINES, INC's ("Frontier") partial Motion to Dismiss (the "Motion").

This civil rights Action concerns Frontier's grievous acts of invidious discrimination in the wholesale ejection of two entire rows of passengers, who were all identifiably orthodox Jews, from a flight, based on nothing but the fact that they all collectively appeared to be Jewish combined with assertion that some unidentified person among them had failed to comply with Covid-19 masking guidelines.

Frontier now moves to dismiss those portions of Plaintiffs' prayer for relief seeking a declaratory judgment, permanent injunction, and cease and desist order on the grounds that

Plaintiffs lack standing to seek prospective relief having failed to allege impending future injury. However, this assertion is facially baseless as the Complaint directly alleges that Frontier, as a part of its racially discriminatory conduct, has issued Plaintiffs lifetime bans on flying with the airline — as clear an example of future injury as can be contemplated.

## STATEMENT OF FACTS

The Statement of Facts set forth in Frontier's Memorandum is substantially accurate[1]. Accordingly, and in the interests of economy, that Statement of Facts is adopted for the purposes of this Motion. However, Frontier's Statement of Facts omits one crucial detail. At least three (3) of the Plaintiffs have been issues lifetime bans from flying with Frontier. (Compl. ¶ 55). The Complaint specifically alleges that Frontier's discriminatory conduct includes its actions in prohibiting Plaintiffs from "purchas[ing] tickets to fly with FRONTIER in the future." (Compl. ¶ 66).

## ARGUMENT

Frontier asserts a standing argument with respect to each of Plaintiff's requests for prospective relief. Frontier argues that Plaintiff has only asserted one act of past discriminatory conduct, and that such an allegation does not give Plaintiffs standing to seek prospective relief in the absence of "immediate threat of repeated injury." Frontier is mistaken. Plaintiffs have directly alleged that Frontier has issued lifetime bans to, at a minimum, three (3) Plaintiffs. This certainly gives Plaintiffs standing to seek prospective injunctive and declaratory relief.

It is well settled that "[t]o obtain *prospective* relief, such as a declaratory judgment or an injunction, a plaintiff must show, *inter alia*, a sufficient likelihood that he or she will again be

---

[1] One notable error in Frontier's Statement of Facts is that the Complaint alleges that the Rear Passengers were forced to deplane due to alleged mask non-compliance by *an unidentified passenger*, (Compl. ¶ 42), and not due to "Shaindy Hoffman's mask compliance issues" as suggested by Frontier. However, this fact is not relevant to the instant Motion.

wronged in a similar way." *H.B. v Byram Hills Cent. Sch. Dist.*, 648 F App'x 122, 125 (2d Cir 2016) (emphasis in original) (internal marking omitted).

While past wrongs may amount to evidence of the threat of repeated injury, "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief *if unaccompanied by any continuing, present adverse effects*" *Los Angeles v Lyons*, 461 US 95, 102 (1983) (emphasis added) (internal markings omitted). That to say, a plaintiff will have standing to seek prospective relief where past conduct is accompanied by continuing, present adverse effects.

With respect to the claims made in this Action, to establish a claim under § 1981, a plaintiff must show the following elements: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts)." *Mian v Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F3d 1085, 1087 (2d Cir 1993).

"To satisfy the third element of a § 1981 claim, plaintiff must demonstrate that defendants' discriminatory acts concerned contractual activities." *Anacacy v Panera*, 2021 US Dist LEXIS 114525, at *7 (EDNY, 2021).

Here, Plaintiffs allege that Frontier has engaged in, and continues to engage in discriminatory conduct on the basis of race. Specifically, Frontier's discriminatory concerned the making and enforcement Plaintiffs' contracts with FRONTIER, "namely their tickets to travel on the Flight and their ability to purchase tickets to fly with FRONTIER in the future." (Compl. ¶ 66).

At a minimum, three (3) Plaintiffs have been issued lifetime bans from flying with Frontier. This is a direct discriminatory act concerning Plaintiffs' ability to contract with Frontier that, by its very terms, extends into the future and thus amounts, per se, to the "continuing, present adverse

effects" required by the Court in *Lyons* to establish a case in controversy sufficient to confer standing for a request for prospective relief. As such, Plaintiffs have properly shown standing to seek the relief sought in the Complaint, and Frontier's Motion to dismiss their prayer for declaratory and injunctive relief must be denied.

## CONCLUSION

Based on the forgoing, the Court should deny Defendant FRONTIER AIRLINES, INC's instant Motion in its entirety.

Dated: Brooklyn, New York
      March 9, 2022

> GUTMAN WEISS, P.C.
> *Attorneys for the Plaintiff*
>
> _____
> By: Dov Medinets, Esq.
> 2276 Sixty-Fifth Street, 2nd Floor
> Brooklyn, N.Y. 11204
> 718-259-2100