```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARTIN JOSEPH, et al.,                        :
                                              :
                    Plaintiffs,               :
         v.                                   :        MEMORANDUM & ORDER
                                              :        21-CV-6054 (WFK) (JRC)
FRONTIER AIRLINES, INC.,                      :
                                              :
                    Defendant.                :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On October 31, 2021, Plaintiffs Martin Joseph, Israel Hoffman, Shaindy Hoffman, M.H., C.H., L.H., Jacob Moskowitz, Perl Moskowitz, S.M., Joseph Leib Godinger, Mindy Godinger, M.Y.G., M.G., Dave Friedman, and Malka Friedman, (collectively, "Plaintiffs") filed this action against Frontier Airlines, Inc. ("Defendant"). ECF No. 1. Before the Court is Defendant's Partial Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f)(2). *See* ECF No. 17. For the following reasons, Defendant's Partial Motion to Dismiss is DENIED.

## BACKGROUND

This action arises from events Plaintiffs Martin Joseph, Israel Hoffman, Shaindy Hoffman, M.H., C.H., L.H., Jacob Moskowitz, Perl Moskowitz, S.M., Joseph Leib Godinger, Mindy Godinger, M.Y.G., M.G., Dave Friedman, and Malka Friedman, (collectively, "Plaintiffs") allege occurred aboard a Frontier Airlines flight from Miami International Airport in Miami, Florida to LaGuardia Airport in Queens, New York on February 28, 2021 ("the Flight"). *See* Compl., ECF No. 1, ¶ 5. Plaintiffs, who were all passengers aboard the Flight, claim employees of Frontier Airlines, Inc. ("Frontier" or "Defendant") subjected them to discriminatory treatment and ejected them from the Flight because they are Jewish. *Id.*

Specifically, Plaintiffs allege Frontier flight attendants approached Plaintiff Shaindy Hoffman and repeatedly informed her masks were required on the Flight, despite the fact Ms. Hoffman and her family—apart from her minor children under the age of two—were wearing face masks, and therefore were in compliance with Transportation Security Administration ("TSA") Security Directive SD 1544-21-02 and Defendant's masking policies. *Id.* ¶ 37.

1

Ultimately, Plaintiffs allege a flight attendant stated "an unidentified person in either row 30 or 31 fail[ed] to wear a mask" and forced all twelve rear passengers, including Plaintiffs, to deplane. *Id.* ¶ 42. According to Plaintiffs, "the unifying theme amongst all of the [r]ear [p]assengers was that they were all visibly and identifiably Jewish." *Id.* ¶ 43. Following their removal from the Flight, Plaintiffs allege other passengers witnessed Frontier flight attendants "giving each other high fives" and "saying 'we did it', 'we got those people' 'we got those Jews' and 'a job well done to those Jews.'" *Id.* ¶ 51.

Plaintiffs allege they were humiliated and frightened by this experience. *Id.* ¶ 50. Plaintiffs also allege they suffered additional negative consequences following their removal from the Flight, including that (1) TSA issued "warning notices" for failing to comply with the federal mask mandate; (2) Plaintiffs are now ineligible for TSA Precheck screening; and (3) Plaintiffs Martin Joseph, Dave Friedman, and Malka Friedman specifically were issued lifetime bans from flying with Frontier. *Id.* ¶¶ 53-55.

On October 31, 2021, Plaintiffs filed a Complaint alleging Defendant discriminated against them on the basis of race, color, ethnicity, alienage, ancestry, and/or national origin in violation of 42 U.S.C. § 1981. *See generally* Compl. Plaintiffs seek a variety of remedies, including: (1) a declaratory judgment; (2) a permanent injunction directing Defendant and its directors, officers, agents, and employees to take all affirmative steps necessary to remedy the effects of the illegal and discriminatory conduct described herein and to prevent similar occurrences in the future; (3) compensatory damages; (4) punitive damages; (5) an order requiring Defendant to cease and desist "from all future discrimination or retaliation against Plaintiffs"; (6) prejudgment interest; (7) attorneys' fees and the costs; and (8) other relief as the Court deems appropriate and just. *Id.* ¶ 70.

On March 30, 2022, Defendant filed a partial motion to dismiss, seeking to "dismiss or strike portions of Plaintiffs' prayer for relief seeking a declaratory judgment, permanent injunction, and cease and desist order." *See* Def. Mot., ECF No. 17. Also on March 30, 2022, Plaintiffs filed a response in opposition to Defendant's Motion, *see* Pl. Resp., ECF No. 19, and Defendant filed its reply, *see* Def. Reply, ECF No. 18.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss under Rule 12(b)(6), courts must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted).

Federal Rule of Civil Procedure 12(f) provides a court "may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A movant under Rule 12(f) must show that: (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Bank of Am., N.A. v. Ave. Imaging LLC*, 21-CV-5201, 2023 WL 3818549, at *8 (S.D.N.Y. June 5, 2023) (Briccetti, J.) (citation omitted). "Motions to strike under Rule 12(f) are generally disfavored and granted only if there is a strong reason to do so." *Id.*

## DISCUSSION

Defendant urges this Court to dismiss or strike portions of Plaintiffs' prayer for relief seeking a declaratory judgment, permanent injunction, and cease and desist order. *See* Def. Mot. at 1. Specifically, Defendant argues Plaintiffs have impermissibly sought prospective relief as they failed to "establish[] the existence of an 'impending future injury.'" Def. Mem., ECF No. 17-1 at 2. In opposition, Plaintiffs contend the lifetime bans issued against several of their members constitute ongoing harm because they impact those Plaintiffs' ability to travel on Frontier flights in the future. Pl. Resp. at 2-4.

Article III of the Constitution limits the jurisdiction of federal courts to "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. "Accordingly, Plaintiffs must show that they have standing before the court can proceed to consider the merits of their claims." *Amadei v. Nielsen*, 348 F. Supp. 3d 145, 156 (E.D.N.Y. 2018) (Garaufis, J.); *see also Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012) (citing *Raines v. Byrd*, 521 U.S. 811 (1997) (explaining plaintiffs bear the burden of establishing standing)). To establish standing, plaintiffs must satisfy three elements. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). First, Plaintiffs must show they suffered an "injury in fact" that is (a) "concrete and particularized" and (b) "actual or imminent, not conjectural or hypothetical." *Id.* Second, Plaintiffs must show there is a "causal connection between the injury and the conduct complained of"—or, in other words, that Plaintiffs' injury is "fairly ... traceable to the challenged action of [Defendants]." *Id.* Third, Plaintiffs must show their alleged injury "will be redressed by a favorable decision" of the reviewing court. *Id.* at 561.

The instant Motion challenges whether Plaintiffs have adequately demonstrated an injury in fact sufficient to request certain forms of relief they seek. *See* Def. Mot. An injury in fact is

4

"an invasion of a legally protected interest which is ... concrete and particularized and actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560.  A plaintiff seeking prospective relief, such as an injunction or declarative judgment, "must show that he [or she] can reasonably expect to encounter the same injury again in the future — otherwise there is no remedial benefit that he [or she] can derive from such judicial decree." *Barry's Cut Rate Stores Inc. v. Visa, Inc.*, 05-MD-1720, 2019 WL 7584728, at *19 (E.D.N.Y. Nov. 20, 2019) (Brodie, J.) (internal citation omitted).

Moreover, to obtain prospective relief, "a plaintiff must show, *inter alia*, 'a sufficient likelihood that he [or she] will again be wronged in a similar way.'" *Marcavage*, 689 F.3d at 103 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)); *see also A.W. by E.W. v. New York Dep't of Educ.*, 519 F. Supp. 3d 128, 143 (E.D.N.Y. 2021) (Brodie, J.).  In other words, prospective relief is not available for isolated conduct that occurred in the past.  *See H.B. v. Byram Hills Cent. Sch. Dist.*, 648 F. App'x 122, 125 (2d Cir. 2016).  Rather, a plaintiff must demonstrate a "certainly impending future inquiry" to qualify for such a remedy.  *Id.*; *see also Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000).  "In establishing a certainly impending future injury, ... the plaintiff must establish how he or she will be injured prospectively and that the injury would be prevented by the equitable relief sought." *Marcavage*, 689 F.3d at 103.  "[A]t the pleading stage, standing allegations need not be crafted with precise detail, nor must the plaintiff prove his allegations of injury." *Baur v. Veneman*, 352 F.3d 625, 631 (2d Cir. 2003) (citing *Lujan*, 504 U.S. at 561).

Under this framework, "a plaintiff who merely asserts she [or he] has suffered discrete acts of past discrimination or retaliation by a defendant has not demonstrated an ongoing" harm for which prospective relief is available. *Anacacy v. Panera, LLC*, 19-CV-7126, 2021 WL 2431010,

5

at \*5 (E.D.N.Y. June 9, 2021) (Vitaliano, J.), *appeal withdrawn*, No. 21-1460, 2021 WL 6102087 (2d Cir. Sept. 27, 2021) (citing *Blamah v. New York*, 19-CV-9234, 2020 WL 1812690, at \*5 (S.D.N.Y. Apr. 8, 2020) (Halpern, J.)). Instead, the plaintiff must offer additional evidence to suggest a likelihood he or she will be discriminated against in the future, including by demonstrating "a policy, practice, or pattern of discrimination by defendants" or by claiming the plaintiff plans to return to the place at which they experienced discrimination. *Id.* at \*5 (finding a plaintiff who alleged a restaurant employee discriminated against him failed to establish ongoing harm despite the proximity of the plaintiff's home to the restaurant and the continued employment of the offending restaurant employee because the plaintiff did not adequately demonstrate he risked future discrimination). For example, in *James v. American Airlines, Inc.*, a plaintiff alleged she was discriminated against by an American Airlines flight attendant. 247 F. Supp. 3d 297, 301 (E.D.N.Y. 2017) (Chen, J.). The plaintiff sought prospective relief on the grounds she would likely face discrimination again if she traveled with American Airlines considering the Airline's "known history of prejudice" towards her. *Id.* However, the court ultimately rejected her claims and granted the defendant's motion to dismiss. *Id.* at 305. In so doing, the court reasoned the plaintiff failed to allege (1) she planned to travel with American Airlines in the future, and (2) "a policy, practice, or pattern of discrimination onboard American flights," or any other facts suggesting the plaintiff would "again be wronged in a similar way." *Id.*

Plaintiffs do not allege in the Complaint they plan to travel with Frontier in the near future. *See generally* Compl. Nor do Plaintiffs put forth any practices or policies Frontier has implemented which would suggest future discrimination against them. *Id.* However, Plaintiffs argue this Court should still find they have properly shown standing to seek prospective relief because of the lifetime ban imposed upon a subset of the Plaintiffs. Pl. Resp. at 3. Namely,

6

Plaintiffs allege this ban will prevent certain Plaintiffs from traveling on any Frontier flights for the rest of their lives. Pl. Resp. at 3-4; Compl. ¶ 66. The Court agrees.

Despite the lack of allegations demonstrating Frontier's explicit discriminatory policies, or Plaintiffs' imminent travel plans, the alleged lifetime ban in place against some Plaintiffs makes the threat of future, similar harm against those individuals certain should they ever attempt to patronize Frontier again. While the Second Circuit has not squarely addressed this issue, and indeed the parties have not cited any authority concerning the imposition of lifetime bans, precedent from other circuits supports the Court's understanding of the requirements for alleging "injury in fact" in this context. *Anderson v. Octapharma Plasma, Inc.*, 19-CV-2311, 2020 WL 7245075, at *22 (N.D. Tex. Dec. 9, 2020) (Fitzwater, J.) (finding plaintiffs plausibly pled a continuing harm and declining to dismiss plaintiffs' request for injunctive relief because plaintiffs alleged they were experiencing ongoing harm in the form of a "lifetime ban on donations and wrongful inclusion on a national list of stigmatized donors" which would prevent the plaintiffs from donating plasma in the future).

Furthermore, while Plaintiffs allege only a subset of their group is subject to a lifetime ban, "[o]nly one plaintiff needs to establish standing for any given claim, as '[i]t is well settled that where ... multiple parties seek the same relief, the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement.'" *D.H. v. City of New York*, 309 F. Supp. 3d 52, 66 (S.D.N.Y. 2018) (Castel, J.) (citing *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017) (internal citations omitted)). A lifetime ban is inherently an ongoing and forward-looking consequence. Consequently, the Court denies Defendant's Partial Motion to Dismiss.

Finally, the Court turns to Defendant's alternative Motion to Strike Plaintiffs' prospective

7

remedies.  A party must make a Rule 12(f) motion to strike "within 21 days after being served with the pleading."  Fed. R. Civ. P. 12(f)(2).  "[A] court, in its discretion, may consider what would otherwise be [an] untimely motion[]."  *IMG Fragrance Brands, LLC v. Houbigant, Inc.*, 09-CV-3655, 2009 WL 5088750, at *1 (S.D.N.Y. Dec. 18, 2009) (Preska, J.).  However, "[c]ourts generally have refused to exercise their discretion to strike portions of the pleadings on [their] own when the moving party's delay in filing the motion to strike was lengthy."  *Bank of Am., N.A. v. Ave. Imaging LLC*, 21-CV-5201, 2023 WL 3818549, at *8 (S.D.N.Y. June 5, 2023) (Briccetti, J.) (citation omitted).  Defendant's Motion to Strike was filed on March 30, 2022, more than two months after Defendant filed an Answer on January 10, 2022.  *See* Def. Mot.; Answer, ECF No. 7.  While Defendant urges the Court to strike prospective remedies from the Complaint, Defendant has not explained how it would be prejudiced by their inclusion.  *See Imaging LLC*, 2023 WL 3818549, at *8 (citing *Abdou v. Walker*, 19-CV-1824, 2022 WL 3334700, at *5 (S.D.N.Y. Aug. 12, 2022) (Engelmayer, J.)).  Thus, the Court denies Defendant's Motion to Strike, as well.

## CONCLUSION

For the foregoing reasons, Defendant's Partial Motion to Dismiss is DENIED.  The Clerk of Court is respectfully directed to terminate the Motion at ECF No. 17.

SO ORDERED.

s/ WFK

Dated: September 29, 2023
      Brooklyn, New York

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE