# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
MARTIN JOSEPH, *et al.*,             :     Case No. 1:21-cv-06054-WFK-JRC
                                     :
        Plaintiffs,         :
                                     :
                                     :
                                     :
                                     :
                                     :
  -against-                         :
                                     :
FRONTIER AIRLINES, INC.,             :
                                     :
        Defendant.          :
----------------------------------------------------------------X

## **CONFIDENTIALITY ORDER**

    It is hereby ordered that the following provisions shall govern the disclosure and use of confidential information produced in connection with this litigation:

(a)    The following documents and information may be designated as "Confidential" or "Attorneys' Eyes Only" provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it [check all that apply]:

        **X** Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.

        **X** Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

        **X** Medical and Legal Records, including medical files and reports.

        _____ Non-public criminal history.

(b)    An attorney for the producing party may designate documents or parts thereof as Confidential or Attorneys' Eyes Only.  All documents produced subject to this Protective Order shall be stamped "Confidential" or "Attorneys' Eyes Only."

        If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark

such appendices "Confidential" or " Attorneys' Eyes Only" and incorporate by reference the appended material into the responses.

At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as Confidential or Attorneys' Eyes Only specific portions of the transcript which contains Confidential or Attorneys' Eyes Only matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit Confidential or Attorneys' Eyes Only information. Transcripts will be treated as Confidential or Attorneys' Eyes Only for this 10-day period. Any portions of a transcript designated Confidential or Attorneys' Eyes Only shall thereafter be treated as Confidential or Attorneys' Eyes Only in accordance with this Order. The Confidential or Attorneys' Eyes Only portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" or "Attorneys' Eyes Only" by the reporter.

(c) Documents designated Confidential shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see Confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the Confidential designation. Each person who is permitted to see Confidential documents, who is not a party or an attorney for a party, shall be required to sign an agreement to be bound by this Order, attached hereto as Exhibit A. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

(d) Documents designated as Confidential shall include personal, private, and/or confidential information relating to the employees, officers, directors, managers, or agents of either party. This necessarily includes confidential, personal, and private information for individuals who are not parties to this litigation. Additional documents may be later identified which shall also be considered Confidential and such records shall be given similar protections pursuant to this Agreed Protective Order as specifically designated by and agreed to by the parties during the course of this litigation.

(e) Documents designated as Attorneys' Eyes Only shall be shown only to the following persons (a) Attorneys for the parties in this action; (b) Independent experts and consultants retained by any party whose assistance is necessary for the preparation of trial of this specific action; and (c) The Court (including any agent of the Court) and any court reporter used during depositions. Each person who is permitted to see Attorneys' Eyes Only documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor such designation. Each person who is permitted to see Attorneys' Eyes Only documents, who is not an attorney for a party, shall be required to sign an agreement to be bound by this Order, attached hereto as Exhibit A. The parties agree that any Attorneys' Eyes Only discovery material produced in this litigation may only be used in connection with this litigation.

61560\320285820.v1
Rev. 4-26-2021

Documents designated as Attorneys' Eyes Only for purposes of this Agreed Protective Order shall include highly sensitive nonpublic information such as the names, addresses and contact information of customers, or such other information or documents not known to the general public, the disclosure of which could cause serious injury or damage to the parties or to the persons or entities whose information is at issue.

(f) Review of the Confidential or Attorneys' Eyes Only documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the protection of the documents or objections to production.

(g) The inadvertent, unintentional, or *in camera* disclosure of a Confidential or Attorneys' Eyes Only document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of protections under this Protective Order. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as Confidential or Attorneys' Eyes Only, the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as Confidential or Attorneys' Eyes Only under this Order.

(h) If a party believes that a document designated or sought to be designated Confidential or Attorneys' Eyes Only by the producing party does not warrant such designation, the party shall first make a good- faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality or attorneys' eyes only status to demonstrate that such designation is proper.

(i) The parties shall comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, located at https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf, if they wish to move to file a document under seal.

(j) Within a reasonable period after the conclusion of the litigation, all Confidential material and information and Attorneys' Eyes Only material and information shall be returned to the respective producing parties or destroyed by the. Should the receiving party elect to destroy such information, it will certify to the other party that all such material and information has been destroyed. Should the party elect to return the Confidential and Attorneys' Eyes Only material and information, the party shall certify that no copies of such material and information was kept.

(k) In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(l) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

/s/ Dov Medinets
---
*Attorney for Plaintiffs*

| | |
|---|---|
| Name: | Gutman Weiss, P.C. |
| Address: | 2276 Sixty-Fifth Street |
| | Brookly, NY  11206 |
| Telephone: | (718) 259-2100 |
| Email: | dmedinets@gwpclaw.com |

/s/ Evan Kwarta
---
*Attorney for Defendant*

| | |
|---|---|
| Name: | Hinshaw & Culbertson LLP |
| Address: | 800 Third Avenue |
| | New York, NY 10022 |
| Telephone: | (212) 655-3839 |
| Email: | ekwarta@hinshawlaw.com |

SO ORDERED:

_____                                    _____
JAMES R. CHO                                                                                                  Dated
United States Magistrate Judge

61560\320285820.v1
Rev. 4-26-2021

## **EXHIBIT A**

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Martin Joseph, et al. v. Frontier Airlines, Inc.*, United States District Court, Eastern District of New York, Case No. 1:21-cv-06054-WFK-JRC, have been designated as Confidential or Attorneys' Eyes Only.  I have been informed that any such documents or information labeled Confidential or Attorneys' Eyes Only are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.

Print Name: _____

Sign Name: _____

Dated: _____

Signed in the presence of:

_____

(Attorney)

61560\320285820.v1
Rev. 4-26-2021